August 9, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REBA LEWIS                                    CIVIL ACTION

VERSUS                                        NO: 05-4162

DOLLAR TREE STORES, INC., ET                  SECTION: "A" (4)
AL.

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 18)** filed by defendant Dollar Tree Stores, Inc.  Plaintiff, Reba Lewis, and defendant Equity One, Inc. oppose the motion.  The motion, set for hearing on August 9, 2006, is before the Court on the briefs without oral argument.  For the reasons that follow, the motion is DENIED.

I.   **BACKGROUND**

This litigation arises out of an incident that occurred on August 29, 2004, when Reba Lewis ("Plaintiff") allegedly slipped and fell in water at a Dollar Tree Store located in Slidell,

Louisiana.   Plaintiff has sued, among others, Dollar Tree and Equity One, Inc., the sublessor of the building occupied by Dollar Tree.

Dollar Tree moves for summary judgment against Plaintiff arguing that she cannot meet her burden of proof under Louisiana law because she cannot demonstrate that Dollar Tree had actual or constructive knowledge of the water on the floor.  Dollar Tree also moves for summary judgment on its cross claim against Equity One. Dollar Tree argues that Equity One's failure to maintain the roof caused the water to accumulate on the  floor.  Dollar Tree asserts that Equity One has a contractual duty to defend and indemnify Dollar Tree in this lawsuit.

In opposition, Plaintiff argues that Dollar Tree is not entitled to judgment as a matter of law.  First, Dollar Tree argues that the "condition" that presented an unreasonable risk of harm was the leaking roof as opposed to the water on the floor. Plaintiff argues that Dollar Tree had actual knowledge of the roof leak.  Second, Plaintiff argues that Dollar Tree had constructive notice of the water on the floor because it knew that the roof leaked and the rain had stopped falling thirty minutes before Plaintiff entered the store.   Plaintiff argues that it is reasonable to assume, given the size of the water puddle involved, that it took several minutes for the water to accumulate.  Finally,

2

Plaintiff argues that Dollar Tree has a duty to protect invitees from hazards regardless of any contractual agreements with the landlord.

Equity One argues that Dollar Tree was independently at fault for allowing the water to sit on the floor for an unreasonable period of time.  Equity One asserts that the lease does not require it to indemnify Dollar Tree for its own negligence.

**II.   <u>DISCUSSION</u>**

Louisiana Revised Statute § 9:2800.6, Burden of Proof in Claims Against Merchants, provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> >
> > (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

3

(3) The merchant failed to exercise reasonable
care.  In determining reasonable care, the
absence of a written or verbal uniform cleanup
or safety procedure is insufficient, alone, to
prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant
has proven that the condition existed for such
a period of time that it would have been
discovered if the merchant had exercised
reasonable care. The presence of an employee
of the merchant in the vicinity in which the
condition exists does not, alone, constitute
constructive notice, unless it is shown that
the employee knew, or in the exercise of
reasonable care should have known, of the condition.

(2) "Merchant" means one whose business is to
sell goods, foods, wares, or merchandise at a
fixed place of business. For purposes of this
Section, a merchant includes an innkeeper with
respect to those areas or aspects of the
premises which are similar to those of a
merchant, including but not limited to shops,
restaurants, and lobby areas of or within the
hotel, motel, or inn.

D. Nothing herein shall affect any liability which a
merchant may have under Civil Code Arts. 660, 667, 669,
2317, 2322, or 2695.

La. Rev. Stat. Ann. § 9:2800.6 (West 1997).  In White v. Wal-mart,

the Louisiana Supreme Court held that when a plaintiff relies upon

constructive notice to prove his case, he must come forward with

positive evidence to show that the damage-causing condition existed

for "some period of time," and that such time was sufficient to

place the defendant on notice of its existence.  699 So. 2d 1081,

4

1082 (La. 1997).  The statute does not allow for the inference of constructive notice absent some showing of this temporal element. Id. at 1084.  Whether the period of time is sufficiently lengthy that a merchant should have discovered the hazardous condition is necessarily a fact question.  Id.

The Court is of the opinion that the hazardous "condition" in this case was the water that had accumulated on the floor prior to Plaintiff's fall.  The Court is also of the opinion that Plaintiff's evidence is sufficient to create an issue of fact as to constructive notice.  It is undisputed that the water had accumulated on the floor due to a leak in the roof. (Def. Exh. 1). It is also undisputed that roof leaks were a persistent problem at this particular Dollar Tree location.  (Id.).  Plaintiff testified at her deposition that it had been raining earlier that day and that the rain had stopped about 30 minutes prior to the time that she entered the store.  (Def. Exh. B at 14).  There were puddles outside and the concrete was still wet but there was no rain falling when Plaintiff entered the store.  (Id.).  The conditions were such that the jury could infer that the water had been on the floor long enough for a reasonable merchant to have discovered it, particularly in light of the history of roof leaks at that location.  Dollar Tree's motion for summary judgment as to Plaintiff's claim is therefore DENIED.

Dollar Tree's motion for summary judgment as to its cross claim against Equity One is likewise DENIED.  Article 12.2 of the parties' agreement, entitled Landlord Indemnification, provides for indemnification unless liability results from the willful act or negligence of the tenant.  (Def. Exh. D).  The question of whether any negligence on the part of Dollar Tree caused Plaintiff's alleged injuries is one for the jury.  Until such time as the jury concludes that Dollar Tree was not negligent, it is not entitled to judgment as a matter of law on the indemnity claim.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 18)** filed by defendant Dollar Tree Stores, Inc. should be and is hereby **DENIED.**

* * * * * * * * *

6